A96A0735. RABON v. DEPARTMENT OF TRANSPORTATION.
(472 SE2d 105)

JOHNSON, Judge.

As part of a road-widening project, the Department of Transportation ("DOT") filed this proceeding to condemn a portion of land on which David Rabon, Jr.'s residence is located. In response to the condemnation action, Rabon filed a petition to annul, set aside and dismiss the taking, a response to the petition in which he demanded just and adequate compensation for the taking, and a notice of appeal demanding a jury trial as to the amount of compensation. After a hearing, the trial court denied Rabon's petition to annul, leaving the question of value for a jury. Rabon obtained a certificate of immediate review from the trial court and applied for an interlocutory appeal of that ruling. We denied Rabon's application for interlocutory appeal, but while his application was pending, Rabon filed this direct appeal. As the DOT points out in its motion to dismiss, Rabon's direct appeal is premature.

"Where an appeal to a jury as to value is pending, the judgment of condemnation under the special master's condemnation procedure is not a final judgment subject to review. Consequently, this appeal must be dismissed. However, appellant will be entitled to appeal directly and raise all issues regarding the condemnation of his property when the issue of just and adequate compensation is no longer pending below and all issues have become final." (Citations, punctuation and emphasis omitted.) *Stafford v. Bryan County Bd. of Ed.*, 212 Ga. App. 6, 7 (440 SE2d 774) (1994); see *Coffey Enterprises &c. v. Dept. of Transp.*, 159 Ga. App. 903 (286 SE2d 44) (1981).

*Appeal dismissed. McMurray, P. J., and Ruffin, J., concur.*

Decided May 16, 1996 —
Reconsideration denied June 4, 1996.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert, David P. Thatcher*, for appellant.

*Dwyer & White, Carmen Smith, Weekes & Candler, Frank J. Rhodes, Jr.*, for appellee.